**FILED**
**Oct 14, 2019**
**02:35 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| Nesreen Boutros, | ) | Docket No. 2016-06-0418 |
| Employee, | ) | |
| v. | ) | |
| Amazon, | ) | State File No. 32833-2015 |
| Employer, | ) | |
| And | ) | |
| American Zurich Ins. Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |
| | ) | |

---

## COMPENSATION HEARING ORDER

---

The Court held a compensation hearing on October 9, 2019. The issues are the compensability of Ms. Boutros's claim and her entitlement to lifetime medical benefits, temporary disability benefits and permanent partial disability benefits. For the following reasons, the Court concludes she suffered a compensable injury and is entitled to lifetime medical benefits and temporary disability benefits but she suffered no permanent impairment.

### History of Claim

This is the third evidentiary hearing in this case. Ms. Boutros testified that she was hurt at work at Amazon on April 23, 2015, lifting a box containing a heavy object, injuring her right wrist, arm, shoulder and neck.[1] Amazon offered no contrary evidence regarding the mechanism of injury. As with the previous two hearings Ms. Boutros was the only witness.

Amazon provided a panel, and Ms. Boutros chose Care Spot. A provider there referred her to an orthopedic practice, where she saw Dr. Kyle Joyner. Dr. Joyner

---

[1] Ms. Boutros testified in both English and Arabic with the assistance of an interpreter.

1

referred her to a physiatrist and placed her on restrictions.

Amazon directed Ms. Boutros to Dr. Jeffrey Hazlewood. He placed Ms. Boutros at maximum medical improvement in September 2015 and discharged her for "non-compliancy" because she failed to keep two previous appointments and arrived late on that day. Ms. Boutros testified that the prescriptions he offered made it unsafe for her to drive to his office and that was why she missed the appointments. At the hearing, Amazon neither introduced a form indicating that Ms. Boutros selected Dr. Hazlewood from a panel nor a medical record directly referring her to Dr. Hazlewood.

Ms. Boutros filed a petition for benefit determination and requested an expedited hearing. After that hearing, the Court ordered Amazon to offer a panel of physiatrists. Amazon appealed, and the Appeals Board affirmed.

Amazon offered a panel, from which Ms. Boutros chose Dr. Victor Isaac. She saw him or his staff over the next two years. Ms. Boutros expressed dissatisfaction with his care when she testified, "He doesn't touch my body. He doesn't examine me anymore."

Dr. Isaac referred Ms. Boutros to Dr. Damon Petty. After several months' delay, Dr. Petty saw her once, in April 2018. He offered an injection, which she declined. Ms. Boutros testified that she was concerned that the injection would leave her unable to safely drive herself home. She asked at a later date to return for the injection, but Dr. Petty's office refused to schedule it. In an April 24, 2018 addendum, Dr. Petty placed her at maximum medical improvement and wrote, "more likely than not the evidence [he] saw on the MRI was not generated at the time of the work-related injury." Dr. Petty did not complete a C-32 form or provide deposition testimony expressing opinions on medical causation or permanent impairment.

Ms. Boutros returned to Dr. Isaac. He recommended physical therapy, which Amazon did not immediately authorize. Rather, after a second expedited hearing, this Court ordered it to provide physical therapy.[2] Ms. Boutros did not introduce records from the therapy but testified that it worsened her pain, so she stopped attending.

Ms. Boutros testified that eventually Dr. Isaac "kicked [her] out." The November 8, 2018 records document that Dr. Isaac's nurse practitioner offered an injection, which Ms. Boutros refused. Ms. Boutros also declined physical therapy, so the nurse practitioner placed her at maximum medical improvement but wrote that she may follow up "for injection."

Amazon relied on opinions from Drs. Isaac and Hazlewood, while Ms. Boutros offered opinions from unauthorized neurologists, Dr. Pradumna Singh and Dr. Maged

---

[2] Amazon did not appeal this order.

2

Fahid. The parties agreed to the admissibility of Ms. Boutros's C30As and Amazon's Final Medical Report forms at the compensation hearing.

Dr. Isaac completed Amazon's forms dated December 4, 2017, and December 6, 2018. On both forms, he checked "yes" in response to the question of whether he could "state to a reasonable degree of medical certainty that the patient's condition is primarily the result of a work injury." He further wrote on both forms that Ms. Boutros was unable to work from the date of injury, April 23, 2015, until January 2, 2018, when he returned her to work with restrictions. Dr. Isaac further wrote that the injury did not result in permanent impairment. Likewise, Dr. Hazlewood assigned a zero-percent impairment rating on his C30A.

As for Ms. Boutros's experts, Dr. Singh completed three C30A forms, none of which contained causation opinions. However, a February 26, 2019 form assigned seventy-five percent permanent impairment, while an August 13, 2019 form assigned "approximately 30%." As for Dr. Fahid, his July 2019 form likewise assigned thirty-percent impairment. Ms. Boutros testified that she saw him while in Egypt.

As to temporary disability benefits, the wage statement lists a $273.44 weekly compensation rate. Ms. Boutros testified that Amazon accommodated her restrictions until August 25, 2015. Afterward, she received short-term disability leave through Amazon's plan. She stated on cross-examination that Amazon sent her a letter dated January 26, 2016, terminating her as a "voluntary quit." However, neither party moved that letter into evidence. Ms. Boutros could not recall the exact date that the disability payments stopped but said it was before her termination, and Amazon did not introduce proof of the amount or duration of these payments.

Ms. Boutros agreed on cross-examination that she worked as a cashier for a friend for approximately three months. Amazon did not ask about the amount of her earnings, and she could not offer exact dates.[3]

**Findings of Fact and Conclusions of Law**

Ms. Boutros, as the employee in a workers' compensation claim, has the burden of proof on all essential elements of her claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a compensation hearing,

---

[3] Cross-examination additionally revealed that Ms. Boutros was involved in a car accident in 2017. Amazon introduced medical records documenting that afterward she complained of neck and low-back pain. It attempted to argue that the accident was an intervening cause. Ms. Boutros credibly testified that she initially felt pain in her entire body, but she did not injure her neck or low back only her leg. Further, Amazon did not raise this as a defense before the compensation hearing, and the Court will not consider issues and defenses not listed on a dispute certification notice. *See* Tenn. Code Ann. § 50-6-239(b)(1).

Ms. Boutros must establish by a preponderance of the evidence that she is entitled to the requested benefits. *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

In determining whether Ms. Boutros satisfied this burden, the Court notes that much of the evidence is her testimony. As at the previous hearings, Ms. Boutros was the only witness. Once again, the Court carefully observed her demeanor and finds her a straightforward, earnest witness. She was consistent and offered reasonable explanations during vigorous cross-examination. The Court finds her credible on all aspects of her testimony, including the mechanism of injury, the details of her treatment, and the circumstances of her post-injury work and income.

Turning now to the threshold issue—compensability—Ms. Boutros must show that she suffered an injury by accident that arose primarily out of and in the course and scope of her employment causing the need for medical treatment. An injury causes the need for medical treatment only if it is shown to a reasonable degree of medical certainty. The causation opinion of a physician chosen from a panel is presumed correct. *See generally* Tenn. Code Ann. § 50-6-102(14) (2018).

Applying these principles, the Court finds that Dr. Isaac, the authorized treating physician, *twice* provided his opinion on Amazon's Final Medical Reports that "to a reasonable degree of medical certainty . . . the patient's condition is primarily the result of a work injury." Amazon's counsel agreed both to the forms' admissibility and that the Court might base its findings as to causation on them.[4]

Amazon argued that the claim is not compensable based on Dr. Petty's opinion. Importantly, his opinion is not expressed in deposition testimony or on a C-32, as the statute requires. Further Dr. Petty wrote that what he saw on an MRI "was not generated at the time of the work-related injury," but that opinion does not address whether the injury arose primarily out of or in the course and scope of employment. The Court accepts Dr. Isaac's opinion over Dr. Petty's. Dr. Isaac is the authorized treating physician, and the statute presumes his causation opinion is correct. Further, Dr. Isaac treated all body parts that Ms. Boutros allegedly injured, while Dr. Petty provided a consult on only the shoulder. In addition, Dr. Petty saw Ms. Boutros once, while Dr. Isaac or his staff saw her several times over the course of two years' treatment. "It seems reasonable that the physicians having greater contact with the Plaintiff would have the

---

[4] Form C30A, the Final Medical Report, is appropriate for use when parties are presenting a settlement for approval. Form C32, the Standard Form Medical Report, is appropriate for use at compensation hearings to introduce medical opinions instead of expert deposition testimony. *See* Tenn. Code Ann. § 50-6-235(a)-(c). Neither party introduced opinions using the proper form. Instead, at the outset of the hearing, they agreed to admissibility of the opinions in the C30As and Amazon's Final Medical Reports. The Court observes that Amazon's state-approved C30As were altered to include a causation question, but it expressly consented to the Court accepting the forms as its medical proof.

advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 677 (Tenn. 1991). Thus, the Court holds Ms. Boutros suffered an injury arising primarily out of and in the course and scope of her employment.

The Court next turns to the requested benefits. Tennessee Code Annotated section 50-6-204(a)(1)(A) requires that the employer "furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Dr. Isaac's nurse practitioner documented Ms. Boutros's unwillingness to undergo an injection in November 2018 but also wrote that she may follow up to receive it at a later date. The Court finds no indication that Dr. Isaac or his staff refused to see Ms. Boutros any further.

Amazon asserted that Ms. Boutros was noncompliant with treatment and therefore is entitled to no additional benefits. The Appeals Board has held, however, that failure to follow a treating physician's instructions is an inadequate basis to deny further medical benefits. *See Christmas v. Morristown Logistics,* 2018 TN Wrk. Comp. App. Bd. LEXIS 56, at *13 (Oct. 3, 2018) ("Employer has cited no authority to support the assertion that a suspension of benefits may be based upon an injured employee's failure to follow a treating physician's instructions, and we are not aware of any Tennessee decision that supports Employer's position.") In sum, the Court holds that Ms. Boutros is entitled to lifetime reasonable, necessary medical treatment with Dr. Isaac for the work injury, should she so choose.

As to disability benefits, Ms. Boutros argued she is entitled to permanent partial disability benefits based on the thirty-percent permanent impairment ratings from Drs. Singh and Fahid. Amazon argued that neither physician used the *AMA Guides* to arrive at his ratings and that Dr. Isaac's opinion that she retains no permanent impairment is presumed correct, given his status as the authorized treating physician.

On this point, the Court agrees with Amazon. Tennessee Code Annotated section 50-6-204(k)(7) provides that the treating physician's written opinion of the injured worker's permanent impairment is presumed correct, while section 50-6-204(k)(2) requires that physicians assign ratings using the *Guides*. Nothing in the record suggests that Drs. Singh or Fahid used the *Guides*. Thus, their ratings do not rebut Dr. Isaac's opinion as to impairment, and the Court holds Ms. Boutros suffered no permanent impairment from the work accident.

Finally, Ms. Boutros requested temporary disability benefits. To receive these, she must prove (1) disability as a result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016).

Applying these requirements, Ms. Boutros established a disability from working as a result of a compensable injury and that the work injury caused her inability to work. As for the duration of her disability, Dr. Isaac wrote on both Final Medical Reports that Ms. Boutros was restricted from work from the date of injury until January 2, 2018. The Court holds Ms. Boutros is entitled to temporary disability benefits for that period.

However, the period requires adjustments. Specifically, Ms. Boutros testified Amazon accommodated her restrictions until August 25, 2015. At that time, she went on short-term disability insurance, which ended some time before Amazon terminated her on January 26, 2016. Amazon offered no evidence or argument regarding amounts paid or the dates of her receipt of these benefits. Without evidence, the Court is unable to credit Amazon for payments under the disability plan.

Ms. Boutros's compensation rate is $273.44 weekly or $39.06 per day. August 26, 2015, through January 1, 2018, is 859 days at $39.06 per day totaling $33,552.54. However, Ms. Boutros conceded working for three months as a cashier. Because she offered no details about the dates of this employment or the amounts she earned, the Court is unable to order payment of any temporary partial disability benefits for those ninety days. Amazon is relieved of its duty to pay temporary disability benefits during that period because of her employment. Temporary disability for those ninety days totals $3,515.40. When deducted from the total owed, the difference is $30,037.14.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon or its workers' compensation carrier shall provide Ms. Boutros reasonable and necessary future medical benefits under Tennessee Code Annotated section 50-6-204(a)(1)(A) with Dr. Isaac as the authorized physician.

2. Amazon shall pay Ms. Boutros $30,037.14 in temporary total disability benefits.

3. Amazon shall pay costs of $150 to the Court Clerk within five business days of this order becoming final.

4. Amazon shall file a Statistical Data Form (SD-2) with the Court Clerk within five business days of the date this order becomes final.

5. Absent an appeal, this order shall become final thirty days after issuance.

6

**ENTERED October 14, 2019.**

JUDGE KENNETH M. SWITZER
Court of Workers' Compensation Claims

## APPENDIX

Exhibits:
1. Employer's compilation medical records (Includes Final Medical Report, Dr. Isaac, December 6, 2018)
2. C-30A, Dr. Fahid
3. C-30As, Dr. Singh (three forms)
4. Final Medical Report, Dr. Isaac, December 4, 2017
5. C30A, Dr. Hazlewood
6. Wage statement
7. First Report of Injury
8. AON Hewitt Attending Physician's Statement of Work Capacity and Impairment, December 13, 2015
9. Amazon Supportive Feedback documents
10. AON Hewitt Attending Physician's Statement of Work Capacity and Impairment, May 4, 2016
11. Choice of Physician form (Dr. Isaac)
12. General Hospital records, May 1, 2017
13. Choice of Physician form (Care Spot)
14. Status Conference transcript

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice/Employer's attached issues, May 4, 2016
3. Expedited Hearing Order, September 23, 2016
4. Appeals Board Order
5. Expedited Hearing Order, October 2, 2018
6. Order Resetting Status Conference, December 3, 2018
7. Employee Email, December 10, 2018
8. Order Resetting Status Conference, January 7, 2019
9. Order Resetting Status Conference, March 13, 2019
10. Order Resetting Status Conference, April 23, 2019
11. Dispute Certification Notice, June 5, 2019
12. Order Setting Compensation Hearing
13. Employee's Prehearing Position Statement (Email, September 18, 2019)

14. Employer's Compensation Hearing Witness and Exhibit List
15. Employer's Prehearing Brief for Compensation Hearing (Attached Choice of Physician Form admitted into evidence; other attachments were not moved into evidence.)

## CERTIFICATE OF SERVICE

I certify that a copy of the Compensation Hearing Order was sent as indicated on October 14, 2019.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Nesreen Boutros, self-represented Employee | X | | x | Nesreen.boutros@yahoo.com; 1039 Willoughby Station Blvd. Mt. Juliet TN 37122 |
| Troy Hart, Tiffany Sherrill, Employer's Counsel | | | x | wth@mijs.com; tbsherrill@mijs.com |

Penny Shrum, Clerk of Court
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**